Filed 12/19/23  P. v. Thavisack CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C098176 |
| Plaintiff and Respondent, | (Super. Ct. No. 05F10318) |
| v. | |
| BONNEY THAVISACK, | |
| Defendant and Appellant. | |

Defendant Bonney Thavisack appeals from the trial court's denial of his petition for resentencing under Penal Code section 1172.6.  (Statutory section citations that follow are found in the Penal Code unless otherwise stated.)  Defendant petitioned for resentencing under former section 1170.95.  Effective June 30, 2022, the Legislature renumbered former section 1170.95 as section 1172.6 without substantive changes.  (Stats. 2022, ch. 58, § 10.)  We refer to the current section throughout this opinion.

The trial court denied the petition without issuing an order to show cause or holding an evidentiary hearing, concluding defendant was ineligible for relief as a matter

1

of law because the record of conviction conclusively established that the jury, without being instructed on a now-invalid theory of murder, found defendant guilty of willful, deliberate, and premeditated first degree murder and also found he personally used and discharged the murder weapon. We affirm the judgment.

## FACTS AND HISTORY OF THE PROCEEDINGS

The underlying facts are recited in our unpublished decision in *People v. Thavisack* (Jan. 28, 2009, C056873) [nonpub. opn.]. However, as the trial court properly understood, the facts recited therein "may not be conclusive" with respect to whether or not defendant was ineligible for relief under section 1172.6. (*People v. Langi* (2022) 73 Cal.App.5th 972, 979 (*Langi*); *People v. Lewis* (2021) 11 Cal.5th 952, 972 ["the probative value of an appellate opinion is case specific, and ' . . . might not supply all answers' "].) Nevertheless, our prior opinion accurately recounts the evidence heard by the jury before returning its verdict and enhancement finding, placing that verdict and finding in their proper context. We therefore provide the following condensed summary, based both on our prior opinion and on the underlying record.

We note that defendant moved to augment the record on appeal to include portions of the underlying record, specifically, the parties' closing arguments. We treated this motion as a motion to incorporate by reference case No. C056873 and granted the motion.

On the night of November 18, 2005, Sivilay Vansee was murdered while standing on the sidewalk outside his house. (*People v. Thavisack*, *supra*, C056873.) He was shot four times with a shotgun, three times in the torso from three to four feet away and once in the back from five to six feet away. (*Ibid*.)

There was no dispute that defendant was standing next to Vansee on the sidewalk when the fatal shots were fired. Defendant admitted as much in his interview with detectives. He initially claimed that he and Vansee were having a friendly conversation

2

when two people he did not know appeared out of nowhere, shot Vansee, and fled. (*People v. Thavisack*, *supra*, C056873.)  Later in the interview, however, defendant admitted he brought a shotgun to Vansee's house in the trunk of his car, took it out, and shot Vansee to death because "he was a punk" and "deserved to get killed."  Defendant also admitted he did so because Vansee disrespected his family and also left him behind at a barbeque they both attended earlier in the night.  Defendant further admitted shooting Vansee two or three times from three to five feet away, the last one into Vansee's back after he turned and started to run away.  (*Ibid.*)

Based on the foregoing, as well as additional evidence we need not recount here, the jury found defendant guilty of willful, deliberate, and premeditated first degree murder and also found defendant "personally used a firearm, to wit, a 12 gauge shotgun, within the meaning of . . . section 12022.53[, subdivision ](d)."  The trial court sentenced defendant to an aggregate indeterminate term of 50 years to life in state prison.  We affirmed the judgment.  (*People v. Thavisack*, *supra*, C056873.)

In August 2022, defendant filed the resentencing petition at issue in this appeal.  In the form petition, tracking the requirements of section 1172.6, subdivision (a), defendant checked boxes indicating:  (1) a complaint was filed against him that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed based on participation in a crime; (2) he was convicted of murder following a trial; and (3) he could not presently be convicted of murder because of changes to sections 188 and 189 made effective January 1, 2019.  Defendant also requested the appointment of counsel.

The following month, the trial court appointed counsel to represent defendant.  The prosecution then filed a response to the petition.  The response argued defendant was not eligible for relief because he was not convicted of murder under the felony-murder rule, the natural and probable consequences doctrine, or any other imputed-malice theory of murder liability.

3

Defendant's reply brief asserted his petition established a prima facie case for relief, requiring the trial court to issue an order to show cause and hold an evidentiary hearing. As relevant here, defendant argued the record of conviction did not conclusively refute the possibility that he was convicted under a now-invalid theory of murder liability.

The trial court held a hearing on the petition in March 2023. When the trial court set that hearing on calendar, it also issued a tentative ruling concluding defendant was ineligible for relief as a matter of law because the record of conviction conclusively established that the jury, without being instructed on a now-invalid theory of murder, found defendant guilty of first degree murder and also found he personally used and discharged the murder weapon. The trial court invited defendant to explain "how it was possible" for the jury to have convicted him of either felony murder or an imputed-malice murder. At the hearing, rather than offer additional argument, the parties submitted the matter on the briefing. The trial court denied the petition, explaining that its review of the record of conviction established that defendant was not "convicted on what would now be an ineligible theory or invalid theory." Defendant appeals from the trial court's order denying the petition.

## DISCUSSION

Defendant argues the trial court erred in denying his petition for resentencing without issuing an order to show cause and holding an evidentiary hearing.

### A.    Relevant Changes to Liability for Murder

"Murder is the unlawful killing of a human being . . . with malice aforethought." (§ 187, subd. (a).) As amended by Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437), effective January 1, 2019, section 188 provides, in relevant part: "[M]alice may be express or implied. [¶] (1) Malice is express when there is manifested a deliberate intention to unlawfully take away the life of a fellow creature. [¶] (2) Malice

4

is implied when no considerable provocation appears, or when the circumstances attending the killing show an abandoned and malignant heart. [¶] (3) Except as stated in subdivision (e) of [s]ection 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a); Stats. 2018, ch. 1015, § 2.)

Section 189 describes a number of unlawful killings that are statutorily defined as "murder of the first degree," including a killing "committed in the perpetration of, or attempt to perpetrate, [certain listed felonies]." (§ 189, subd. (a).) This form of first degree murder, known as first degree felony murder, does not require malice. At the time of defendant's trial, prior to Senate Bill 1437, " 'the only criminal intent required [was] the specific intent to commit the particular felony.' " (*People v. Dillon* (1983) 34 Cal.3d 441, 475.)

Senate Bill 1437 amended the felony-murder rule to provide, in relevant part: "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2" (§ 189, subd. (e).)

These changes to the murder statutes eliminated the natural and probable consequences doctrine as a basis for murder liability and limited the scope of the felony-murder rule. (*People v. Lewis*, *supra*, 11 Cal.5th at p. 957.) Thus, at the time of defendant's trial, the law allowed him to be convicted of murder under the natural and probable consequences doctrine, i.e., on a theory that he aided and abetted an underlying felony, the natural and probable consequence of which was murder committed by one of

5

the coparticipants in that underlying felony. (See, e.g., *People v. Karapetyan* (2006) 140 Cal.App.4th 1172, 1176-1178.) The new law, however, eliminates that theory of murder. And while the new law retains the felony-murder rule as a basis for murder liability, it limits application of the rule to the actual killer, persons who directly aided and abetted the actual killer in the commission of a first degree murder, and persons who were major participants in an enumerated underlying felony and who acted with reckless indifference to human life. (§ 189, subd. (e).)

Finally, Senate Bill 1437 created a mechanism for a defendant convicted of murder under the prior law to seek the ameliorative benefits of the new law. (§ 1172.6, subd. (a).) We set forth the requirements of this provision below.

B.    Analysis

Defendant argues the trial court erred by denying his petition without issuing an order to show cause and holding an evidentiary hearing because "[t]he evidence at trial does not conclusively establish that [he] was an actual killer," the parties conceded in their respective closing arguments at trial "that there was evidence others may have been involved in the shooting," and while the jury was not instructed on either the felony-murder rule or the natural and probable consequences doctrine, the prosecutor's argument and the trial court's instructions to the jury nevertheless "permitted the jury to improperly find [defendant] guilty pursuant to a theory under which malice is 'imputed to a person based solely on his or her participation in a crime[,]' " specifically aiding and abetting a first degree premeditated murder "without determining that he *personally* acted with express malice."

Section 1172.6 provides in relevant part: "A person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, . . . may file a petition with the court that sentenced the petitioner to have the

6

petitioner's murder . . . conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply:  [¶]  (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime . . . .  [¶]  (2) The petitioner was convicted of murder . . . .  [¶]  (3) The petitioner could not presently be convicted of murder . . . because of changes to Section 188 or 189 made effective January 1, 2019."  (§ 1172.6, subd. (a).)

Defendant was not convicted of murder under the felony-murder rule or the natural and probable consequences doctrine.  The jury was not instructed on either theory and the prosecutor did not argue either theory to the jury at any time.  Indeed, defendant "recognizes" in his opening brief "that this case did not go to the jury on a theory of felony murder or on a traditional natural and probable consequences theory."

Instead, the prosecutor informed the jury that there was only "one theory in this case," that defendant personally and intentionally shot Vansee to death with the shotgun. However, apparently because defendant initially claimed in his interview with detectives that two unknown men shot Vansee to death in defendant's presence, the prosecutor briefly argued that defendant could also be found guilty of murder as a direct aider and abettor of that crime.  The jury was so instructed.  Directly aiding and abetting a first degree murder remains a viable theory of murder liability after Senate Bill 1437.  (*People v. Estrada* (2022) 77 Cal.App.5th 941, 945-949.)

Viewing the record of conviction as a whole, we conclude the jury convicted defendant based on the prosecution's primary theory.  As mentioned, the jury found defendant guilty of willful, deliberate, and premeditated first degree murder and also found that he "personally used a firearm, to wit, a 12 gauge shotgun, within the meaning of . . . section 12022.53[, subdivision ](d)."  The fact that Vansee was killed by multiple shotgun blasts was undisputed at trial.  And while the verdict form does not include the

7

word "discharge" as part of the enhancement finding, the jury was instructed on both personal use of a firearm and personal and intentional discharge of a firearm causing death, and the prosecutor clearly stated in closing argument that the jury was being asked to find the firearm allegation to be true because defendant "intentionally [and] personally discharged a firearm, and that caused death."  The jury so found.

This record conclusively demonstrates the jury did not find defendant guilty of premeditated first degree murder under the felony-murder rule or natural and probable consequences doctrine, or even as a direct aider and abettor, but rather as the actual killer who willfully, deliberately, and with premeditation, shot Vansee to death with a shotgun. Accordingly, defendant can "presently be convicted of murder" (§ 1172.6, subd. (a)(3)) notwithstanding the changes to sections 188 and 189 made by Senate Bill 1437.  (*People v. Cornelius* (2020) 44 Cal.App.5th 54, 58, review granted Mar. 18, 2020, S260410 [by finding the defendant "personally and intentionally used a firearm to commit the crime" of second degree murder, "the jury implicitly found [he] was the 'actual killer,' " and therefore "not convicted of felony murder or murder as an aider or abettor under a natural and probable consequences theory"].)

Nevertheless, relying primarily on *Langi*, *supra*, 73 Cal.App.5th 972, defendant argues that while he was not convicted under the felony-murder rule or the natural and probable consequences doctrine, he might have been convicted of first degree murder under an "other theory under which malice is imputed to a person based solely on that person's participation in a crime" (§ 1172.6, subd. (a)).  Defendant's reliance on *Langi* is misplaced.  There, the defendant "was one of four men who beat and robbed a group that included [the victim], who died after someone in [the defendant's] group punched him, causing him to fall and hit his head, leading to his death." (*Langi*, at p. 975.)

The trial court summarily denied the defendant's section 1172.6 petition, concluding the opinion in the direct appeal established he was the actual killer.  (*Langi*, *supra*, 73 Cal.App.5th at pp. 975-976.)  Our colleagues at the First Appellate District

reversed, explaining that although the prior opinion stated that the defendant threw the fatal punch, and while that statement was supported by evidence in the record, "the record as a whole leaves room to question that conclusion," and there was no "express finding that [the defendant] threw the fatal punch," nor was there "any uncontroverted evidence establishing that fact, or any concession by [the defendant] of its truth." (*Id*. at p. 980.) Thus, the prior opinion did not "conclusively establish that [the defendant] was convicted as the actual killer." (*Ibid*., fn. omitted.) This conclusion led the court to assume the defendant was convicted as an aider and abettor and ask whether the jury could have done so under the natural and probable consequences doctrine or other imputed-malice theory. As in this case, the jury received no instructions on the natural and probable consequences doctrine. (*Ibid*.) However, the court concluded, ambiguity in the aiding and abetting instructions allowed the jury to "find the defendant guilty of aiding and abetting second degree murder without finding that he personally acted with malice." (*Id*. at p. 982, fn. omitted.)

Defendant argues the same instructional ambiguity exists in this case. We need not parse the aiding and abetting instructions to determine whether they were similarly ambiguous with respect to the malice requirement. This is because, as we have already explained, the record of conviction conclusively establishes the jury found defendant guilty of first degree murder as the actual killer who willfully, deliberately, and with premeditation, shot Vansee to death with a shotgun. Unlike *Langi*, this conclusion is not based on statements in the prior opinion. It is based on undisputed evidence at trial establishing the manner of Vansee's death, i.e., multiple shotgun blasts to the chest and back, the jury's express finding that defendant used a shotgun resulting in great bodily injury or death, defendant's ultimate admission that he killed Vansee for the reasons he stated and the concomitant implied finding that defendant's use of that shotgun was by discharging the weapon and thereby ending Vansee's life. Again, both findings are supported by defendant's confession.

9

In sum, the record of conviction conclusively establishes defendant was convicted of premeditated first degree murder as the actual killer who shot Vansee to death with a shotgun. Thus, he can "presently be convicted of murder" notwithstanding the changes to sections 188 and 189 made by Senate Bill 1437. (§ 1172.6, subd. (a)(3).) The trial court did not err in denying his petition without issuing an order to show cause or holding an evidentiary hearing.

## DISPOSITION

The judgment is affirmed.

HULL, Acting P. J.

We concur:

RENNER, J.

KEITHLEY, J.*

---

* Judge of the Butte County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

10